UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARC ELLIOT SPRITZER,<br><br>                Plaintiff,<br><br>v.<br><br>THOMAS D. KERSHAW, JR., KIEL RIGBY WILLMORE, C. IRA DILLMAN, and TWIN FALLS COUNTY,<br><br>                Defendants. | Case No. 1:25-cv-00361-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are Plaintiff Marc Spritzer's Emergency Motion for Leave to Proceed In Forma Pauperis (Dkt. 1), Motion for Appointment of Counsel (Dkt. 3), and Motion for Temporary Restraining Order (Dkt. 4).

Under 28 U.S.C. § 1915, the Court must review Spritzer's application to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Spritzer's Complaint to ensure the minimum pleading standards have been met and that the Court has jurisdiction over the proceedings. *See* 28 U.S.C. § 1915(e)(2).

For the reasons set forth below, the Court GRANTS Spritzer's application to proceed in forma pauperis but DISMISSES his current complaint for failure to state a

claim. The Court also finds the appointment of counsel is not warranted under the circumstances and that injunctive relief is judicially foreclosed because Spritzer is in the midst of ongoing state court proceedings.

## II. BACKGROUND

On March 8, 2025, Spritzer was arrested in Twin Falls, Idaho, on criminal charges.[1] Viking Bail Bonds posted a $75,000 surety bond. A few days later on March 11, 2025, the Twin Falls county court issued a No Contact Order prohibiting Spritzer from returning to his residence.

Over the next month, Spritzer attempted to secure legal representation. At a hearing on April 15, 2025, Spritzer experienced a medical emergency and collapsed at the Twin Falls county courthouse. He was transported to the hospital for treatment. Spritzer alleges the costs associated with this treatment exceed $8,000.

Spritzer asserts that, despite his medical situation, the Twin Falls county court directed him to appear for all court proceedings in person. He also alleges the court sent various notices to his home knowing full well he could not access them because of the No Contact Order. Spritzer failed to appear at a hearing in person on May 16, 2025, and, as a result, a bench warrant was issued for his arrest. That, in turn, caused Viking Bail Bonds to forfeit the $75,000 surety.

Spritzer filed the instant suit on July 7, 2025. Dkt. 2. He brings claims against those involved in his state criminal case: Thomas Kershaw, the Magistrate Judge; Kiel Willmore,

---

[1] While not included in filings here, public records indicate Twin Falls prosecutors charged Spritzer with attempted strangulation and battery-domestic violence inflicting traumatic injury. Case No. CR42-25-2305.

the prosecutor; and Ira Dillman, his public defender. Spritzer also included Twin Falls County for good measure.

Broadly speaking, Spritzer asserts civil rights violations under 42 U.S.C. § 1983. Spritzer claims he was denied timely access to an attorney and that the judge disregarded his serious medical needs. *See generally* Dkt. 2. He also alleges the Twin Falls county prosecutor violated his rights under *Brady v. Maryland*, and that his public defender has been ineffective. *See generally id*.

Spritzer asks that the Court quash the May 19, 2025 bench warrant, and to permanently enjoin enforcement of said warrant, expunge his record in the underlying criminal case, return the $75,000 bond, reimburse him for medical expenses, and otherwise prohibit the defendants from violating his rights. *Id*. at 17–19.

Alongside his Complaint, Spritzer filed an Emergency Motion for Leave to Proceed in Forma Pauperis (Dkt. 1), Motion for Appointment of Counsel (Dkt. 3), and Motion for Temporary Restraining Order (Dkt. 4).

### III. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, an applicant must submit an affidavit that includes a statement of all assets they possess which indicates they are unable to pay the fee required. The affidavit is sufficient if it states that the applicants, because of their poverty, cannot "pay or give security for the costs" and still be able to provide for themselves and dependents "with necessities of life."

*Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

In his Application, Spritzer claims his monthly income is $0.00 and that he has substantial outstanding debts (made up of his obligation under the surety bond and the medical bills outlined above). He argues he has no residence due to the No Contact Order, and that he has no means to secure any funds to pay the filing fee in this case.

The Court finds this information sufficient to establish Spritzer's indigency and will waive the filing fee.

## IV. SUFFICIENCY OF COMPLAINT

The Court is next required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se litigants the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, litigants—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, litigants should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

There are two primary problems with Spritzer's Complaint, making it impossible for him to proceed at this time. The Court will outline each in turn.

### A. *Younger* Abstention

First, the general tenor of Spritzer's Complaint is an effort to have this Court intervene in *ongoing* state criminal proceedings. But such a course of action is improper under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (cleaned up).

In *Younger*, the United States Supreme Court reiterated the importance of comity between state and federal courts, holding that federal courts generally must abstain from hearing civil rights claims related to pending state criminal cases. *Id.* A federal court should abstain from intervening if three factors are present: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432

(1982). Where abstention is appropriate, a federal court may entertain an action only when "extraordinary circumstances" are present, including: (1) where irreparable injury is both "great and immediate," *Younger*, 401 U.S. at 46; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53-54; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief." *Id.* at 54. The Ninth Circuit has explained that bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003) (cleaned up).

In this instance, the first abstention factor is met because there is an ongoing state court proceeding. Second, as discussed in *Younger* itself, important state interests are at stake where state criminal proceedings are involved. Third and finally, if things do not go Spritzer's way in state court, Spritzer has a remedy: an appeal. In other words, there is no indication the Twin Falls county court is not fully capable and willing to adjudicate Spritzer's case fairly, and to address any constitutional challenges that may arise.

For his part, Spritzer argues "*Younger* Abstention [is] Completely Inapplicable," (Dkt. 2, at 12), because Defendants are prosecuting him in bad faith. But this exception does not apply. There is no evidence to suggest Defendants improperly brought charges against Spritzer. And strictly speaking, Spritzer never alleges any such thing; only that Defendants violated his rights *after* he was charged. But even if there was some constitutional matter to be adjudicated—such as a *Brady* violation—that can be made in state court. What's more, as will be discussed in the following section, generalized

**MEMORANDUM DECISION AND ORDER - 6**

allegations that the judge, prosecutor, or public defender are abusing their discretion, retaliating against Spritzer, or otherwise infringing on his constitutional rights, are insufficient to show bad faith or to invoke this Court's jurisdiction. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (holding federal district courts have no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional.").

In sum, Spritzer is asking the Court to do something it cannot do—intervene in his state court criminal proceedings. However, because the three *Younger* abstention factors are satisfied (and no "extraordinary circumstances" exist), the Court concludes abstention is appropriate in this case. Accordingly, the Court lacks jurisdiction and Spritzer's complaint fails to state a claim upon which relief can be granted.[2]

### B. Qualified Immunity

Second, many of Spritzer's claims under 42 U.S.C. § 1983 are directed at Defendants who are immune from suit—the judge, the prosecutor, and the public defender.[3] While certain government actors can be liable for their actions under § 1983,

---

[2] In the event the State Court proceedings have concluded, another legal doctrine would still bar Spritzer's claims. In *Heck v. Humphrey*, the Supreme Court held that any civil rights claim that would "render a conviction or sentence invalid . . . is not cognizable under § 1983." 512 U.S. 477, 486–87 (1994). Such a claim *could* be cognizable if presented correctly—such as in a habeas petition—but generally speaking, federal courts still do not have jurisdiction over state court matters that have concluded.

[3] Defendant Twin Falls County is not a judicial officer. However, Spritzer's claims against Twin Falls County are *Monell* claims based on the legal theory of respondeat superior. In other words, Spritzer claims the County had unconstitutional policies and procedures that were implemented by the other Defendants—who are judicial officers.

MEMORANDUM DECISION AND ORDER - 7

the statute makes clear there is an exception: liability shall attach to anyone who deprives a citizen of their constitutional rights "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

The common law recognizes several absolute immunities from suit under § 1983. Among these, state court judges have absolute immunity from suit for damages arising from their judicial acts unless they act in a complete absence of jurisdiction. *See Mireles v. Waco*, 112 S. Ct. 286 (1991). To determine whether an act is judicial in nature so that immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Once it is determined that a judge was acting in his or her judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (cleaned up).

Here, Spritzer has not plausibly alleged any facts to illustrate Judge Kershaw acted outside the normal bounds of his jurisdiction. By all accounts, Judge Kershaw was performing his normal function of presiding over a criminal matter, and Spritzer simply disagrees with his rulings about appearing in person and issuing a warrant. But this is insufficient to overcome judicial immunity and mount a civil rights action.

Further, this immunity extends to prosecutors.

The Supreme Court has held a "state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution" is not "amendable to suit under 42 U.S.C. § 1983 for alleged deprivations of the defendant's constitutional rights." *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). The Ninth Circuit has also clearly stated that county prosecutors are absolutely immune from liability for their actions as prosecutors. *McAuley v. Hastings*, 17 Fed. Appx. 660, 661 (9th Cir. 2001).

Spritzer's allegations center on actions the prosecutor took and/or is currently taking as part of his underlying criminal case. There are no allegations in Spitzer's Complaint to suggest prosecutor Willmore acted (or is acting) outside his prosecutorial duties and, therefore, he has quasi-judicial immunity for such acts.

Finally, the Supreme Court has also held that because a public defender does not act "under color of state law" in performing a lawyer's traditional functions as counsel to an indigent defendant in a state criminal proceeding, he or she may not be sued under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Thus, public defender Dillman is also immune from suit.

With the exception of Twin Falls County, all other Defendants are immune from suit. As noted, however, *see infra note 3*, because the claims against Twin Falls County are that its judicial officers violated Spritzer's rights—and insofar as the Court has found such officers are each immune from suit—no liability can be imputed to Twin Falls County.

## V. MOTION TO APPOINT COUNSEL

Generally, a person has no right to counsel in civil actions. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, a court may, under "exceptional

circumstances," appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Id.* When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*

In this case, the Court finds the appointment of counsel is unnecessary. First, Spritzer has been able to articulate his claims sufficiently. His briefs are typed, organized, and understandable. While Spritzer misunderstands certain legal principles, his case citations and his filings are, candidly, much better than most pro se litigants. But more importantly, as outlined above, there are numerous legal barriers to Spritzer's current complaint. And these barriers would exist regardless of whether Spritzer had counsel because this federal court cannot intervene in ongoing state court criminal matters. For this reason, Spitzer's claims lack merit, and the Court finds no reason to appoint counsel. This Motion is DENIED.

### VI. MOTION FOR PRELIMINARY INJUNCTION

Lastly, the Court turns to Spritzer's Motion for Temporary Restraining Order. Dkt. 4. Similar to the relief sought in his Complaint, Spritzer asks the Court to enter a temporary restraining order to grant interim relief such as: quashing the warrant, enjoining enforcement of the warrant, exonerating the bond, and imposing other requirements on the state court proceedings. *See generally id*.

Spritzer correctly outlines the relevant factors necessary to obtain injunctive relief.[4] Again, however, the threshold problem is that Spritzer is unlikely to succeed on any of his claims. To repeat, because Spritzer is currently engaged in state court criminal proceedings—and there is no evidence to suggest anything out of the ordinary about those proceedings—the *Younger* abstention doctrine constrains the Court's jurisdiction. Moreover, three of the four defendants are entitled to judicial immunity. Thus, more than just lacking a likelihood of success, Spritzers claims are legally barred. In sum, there is nothing to enjoin because there are no viable causes of action. Spritzer's Motion for Temporary Restraining Order must be DENIED.

## VII. CONCLUSION

The Court finds Spritzer is indigent and it will waive the filing fee in this case.

That said, Spritzer cannot proceed with his current complaint. The *Younger* abstention doctrine applies as does judicial immunity. Accordingly, Spritzer's complaint must be dismissed. That said, in accordance with Ninth Circuit caselaw, the Court will allow Spritzer an opportunity to amend to state plausible causes of action.

Spritzer is cautioned not to contest the Court's findings. The barriers to his current claims are longstanding, legally sound principles. He must instead assert cognizable claims that do not run afoul of the *Younger* abstention doctrine by seeking to have the Court intervene in his state court proceeds, *or* run afoul of judicial immunity by asserting judicial

---

[4] Injunctive relief "is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, (2008) (cleaned up)). A party seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) likely irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities weighs in favor of an injunction; and (4) that an injunction is in the public interest. *Id.* at 20.

officers involved in his case are violating his rights by simply doing their jobs. He must allege sufficient facts to illustrate a true cause of action.

## VIII. ORDER

1. Spritzer's Motion to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. No filing fee will be required.

2. That said, Spritzer's Complaint (Dkt. 2) is DISMISSED without PREJUDICE for failure to state a claim.

3. Spritzer may amend his complaint within 21 days of the date of this order to state legally cognizable causes of action in conformance with the Court's analysis above. The Court will then review Spritzer's amended complaint to determine whether he can proceed. Failure to file an amended complaint will result in the full dismissal of this case with prejudice and without further notice.

4. Spritzer's Motion to Appoint Counsel (Dkt. 3) is DENIED.

5. Spritzer's Motion for Temporary Restraining Order (Dkt. 4) is DENIED.

DATED: July 29, 2025

_____
David C. Nye
Chief U.S. District Court Judge