UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARC ELLIOT SPRITZER,<br><br>                    Plaintiff,<br><br>v.<br><br>THOMAS D. KERSHAW, JR., KIEL RIGBY WILLMORE, C. IRA DILLMAN, and TWIN FALLS COUNTY,<br><br>                    Defendants. | Case No. 1:25-cv-00361-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Marc Spritzer's Emergency Motion for Temporary Restraining Order. Dkt. 9. This is Spritzer's second attempt to secure emergency relief.

Upon review, and for the reasons set forth below, the Court must dismiss this case for lack of jurisdiction.[1]

## II. BACKGROUND

On March 8, 2025, Spritzer was arrested in Twin Falls, Idaho, on criminal charges.[2] Viking Bail Bonds posted a $75,000 surety bond. A few days later on March 11, 2025, an Idaho state district court issued a No Contact Order prohibiting Spritzer from returning to his residence.

---

[1] The Court finds the facts and legal arguments are adequately presented and will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

[2] While not included in filings here, public records indicate Twin Falls prosecutors charged Spritzer with attempted strangulation and battery-domestic violence inflicting traumatic injury. Case No. CR42-25-2305.

Over the next month, Spritzer attempted to secure legal representation. At a hearing on April 15, 2025, Spritzer experienced a medical emergency and collapsed at the Twin Falls County Courthouse. He was transported to the hospital for treatment and alleges the costs associated with that treatment exceed $8,000.

Spritzer asserts that, despite his medical situation, the Idaho district court directed him to appear for all court proceedings in person. He also alleges the court sent various notices to his home knowing full well he could not access them because of the No Contact Order. Spritzer failed to appear at a hearing in person on May 16, 2025, and, as a result, a bench warrant was issued for his arrest. That, in turn, caused Viking Bail Bonds to forfeit the $75,000 surety. The bench warrant is outstanding.

Spritzer filed the instant suit on July 7, 2025. Dkt. 2. He brings claims against those involved in his state criminal case: the Honorable Thomas Kershaw, the Magistrate Judge; Kiel Willmore, the prosecutor; and Ira Dillman, his public defender. Spritzer also included Twin Falls County for good measure.

Broadly speaking, Spritzer asserts civil rights violations under 42 U.S.C. § 1983. Spritzer claims he was denied timely access to an attorney and that the judge disregarded his serious medical needs. *See generally* Dkt. 2. He also alleges the Twin Falls county prosecutor violated his rights under *Brady v. Maryland*, and that his public defender has been ineffective. *See generally id*.

Spritzer previously asked the Court to quash the May 19, 2025 bench warrant, and to permanently enjoin enforcement of said warrant, expunge his record in the underlying criminal case, return the $75,000 bond, reimburse him for medical expenses, and otherwise

prohibit the defendants from violating his rights. *Id*. at 17–19. Alongside his Complaint, Spritzer filed an Emergency Motion for Leave to Proceed in Forma Pauperis (Dkt. 1), Motion for Appointment of Counsel (Dkt. 3), and Motion for Temporary Restraining Order (Dkt. 4).

The Court determined Spritzer sufficiently established his indigency and allowed him to proceed without the prepayment of any filing fee. Dkt. 7, at 3–4. That said, the Court dismissed Spritzer's complaint for two reasons. First, the Court explained that under the doctrine of *Younger v. Harris*, it could not intervene in Spritzer's ongoing state court proceedings. *Id*. at 5–7. Second, the Court explained that each of the Defendants were likely entitled to qualified immunity. *Id*. at 7-9. Ultimately, because of these two legal barriers, the Court dismissed Spritzer's complaint. *Id*. at 11. The Court, however, gave him an opportunity to file an amended complaint to address the Court's concerns. *Id*. at 11–12.

Spritzer dutifully filed a First Amended Complaint on August 19, 2025. Dkt. 8. That same day, he filed an Emergency Motion for Temporary Restraining Order. Dkt. 9.

In his First Amended Complaint, Spritzer provided a little more detail as to his causes of action but, for the most part, they remain as originally pleaded. *See generally* Dkt. 8. Likewise, Spritzer's emergency motion is similar to his prior emergency motion in that he seeks the Court's intervention to prevent what he perceives as ongoing constitutional violations. *See generally* Dkt. 9.

The problem, however, is Spritzer has not overcome the fundamental barriers the Court previously identified. Specifically, that first barrier—abstention under *Younger*— begins and ends the Court's analysis today.

## III. DISCUSSION

As the Court previously explained, the United States Supreme Court has long held that federal courts generally must abstain from hearing civil rights claims related to pending state criminal cases. *Younger v. Harris*, 401 U.S. 37 (1971); *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (cleaned up).

A federal court should abstain under *Younger* if three factors are present: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The Court previously found the first requirement—ongoing state court proceedings—likely barred this suit. Dkt. 7, at 6.

Spritzer responds in his current filings by asserting *Younger* abstention does not apply because the proceedings here are not "ongoing." He claims his state court proceedings are at the preliminary stage in magistrate court and, because he has not been "bound over," there is no ongoing criminal proceeding. The Court disagrees.

In Idaho, a criminal prosecution begins with the filing of a complaint. Idaho Code § 19-402. Accordingly, Spritzer's proceedings began—at least for *Younger* abstention purposes—when Twin Falls prosecutors charged him by filing a criminal complaint. Binding over is not necessary to implicate *Younger*.

On the opposite end, Spritzer also argues his proceedings are not ongoing because they have ceased. This is not entirely true. Moreover, the current posture of the state case appears to be Spritzer's fault, not the State's. Spritzer appeared at some of his initial

hearings. The parties engaged in discovery. Then, Spritzer decided to stop appearing. Spritzer's own unwillingness to participate in his prosecution appears to be the primary cause for delays in the State proceedings.

More importantly, however, the Idaho repository shows Spritzer's case (Twin Falls County Case No. CR42-25-2305) as "Inactive Pending – (Warrant/Det Order)." The Court can take judicial notice of this fact. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). The repository also shows the previously-issued bench warrant is still active. Thus, the case is "pending" but in an "inactive" status because Spritzer has an outstanding warrant.

In short, *Younger* abstention applies because Spritzer's state criminal case is ongoing. As a result, the Court must dismiss this case. *See Judice v. Vail,* 430 U.S. 327, 348 (1977) ("If *Younger* abstention applies, a court may not retain jurisdiction, but should dismiss the action.").

### IV. ORDER

1. This case is DISMISSED and CLOSED.

2. Spritzer's Emergency Motion (Dkt. 9) is DENIED as MOOT.

DATED: November 3, 2025

David C. Nye
Chief U.S. District Court Judge